# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

November 10, 2022

**VIA ECF**
The Honorable Gregory H. Woods, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *Anacacy v. DRC Group, Inc. et al*
                 **Case No.: 1:22-cv-04239-GHW**

Dear Honorable Judge Woods:

    This law firm represents plaintiff Steve Anacacy (the "Plaintiff") in the above-referenced matter.

    Pursuant to Your Honor's Individual Motion Rule of Practice 1(A), this letter respectfully serves as response to Your Honor's November 7, 2022 Order [Dckt. No. 12].

    This letter further respectfully serves as a request for a *nunc pro tunc* enlargement of time to serve individual defendants Alex Doljansky and Michael Vaitzman (together, the "Individual Defendants"), to, through and including December 2, 2022.

## I.    Preliminary Statement

    As set forth more fully below, undersigned law firm intended to proceed with a motion for default judgment as against the non-appearing Defendants[1], upon completion of service as against each Defendant.[2] This was a mistake – and it respectfully submitted that this error in judgment should not rise to the level of sanctionable conduct under Rule 41(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

    As of the date of this filing:

1. Plaintiff is proceeding with the filing of an application or a clerk's certificate of default judgment as against the Corporate Defendants; and

2. Plaintiff's process servers are diligently attempting to effect service of the Summons and Complaint on the Individual Defendants.

---

[1] "Defendants" refers to defendants Beverage Container Recycling Corporation, Gard Recycling, Inc., DRC Group, Inc. (the Corporate Defendants"), and the Individual Defendants (collectively with the Corporate Defendants, the "Defendants").

[2] Plaintiff has also pled claims against Gustavo "Doe". As of the date of this letter, no proposed summons has been filed against this individual defendant. Plaintiff intends to prosecute his claims against this individual defendant, once his full name has been identified.

## II.  Legal Argument

### A.  Dismissal is Not Warranted Under Fed.R.Civ.P. 41(b)

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citing and quoting Fed.R.Civ.P. 41(b)). It is well-settled that a Rule 41(b) dismissal is the "harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

### i.  The Duration of Plaintiff's Failure to Comply Militates Against Dismissal

On October 31, 2022, Your Honor ordered Plaintiff to provide the Court with update on the status of the proceedings. [*See* Dckt. No. 11]. Plaintiff's counsel wishes to apologize to the Court, for not complying with the October 31, 2022 order. Plaintiff's failure to comply with this order was neither willful nor deliberate. On or around the week of October 31, 2022, Plaintiff's counsel's paralegal, Alexis Abrego, was attending to an unexpected family medical emergency. Ms. Abrego, who is primarily responsible for, *inter alia,* calendaring deadlines and appearances, was attending to an immediate family member that had been hospitalized. As a result of this medical emergency, the filing deadline contained in the October 31, 2022 Order was not inputted in Plaintiff's counsel's calendar.

Plaintiff's counsel acknowledges the inconvenience caused to the Court, resulting from this error. Plaintiff's counsel also wishes to inform the Court that it has since reinforced its calendaring policies to avoid the reoccurrence of similar mistakes in the future.

The instant letter provides the Court with a complete update on the status of this case. It is respectfully submitted that the duration of Plaintiff's non-compliance, *i.e.,* six (6) days, militates against a Rule 41(b) dismissal.

### ii.  Plaintiff Was Put on Notice Once

On November 7, 2022, the Court entered the Order to show cause why this case should not be dismissed. This is the first notice given to Plaintiff. Accordingly, dismissal at this juncture would not comport with the second prong of the Rule 41(b) analysis.

### iii.     Defendants Cannot Demonstrate Prejudice

Where, as here, Defendants have not appeared in the proceedings, they cannot demonstrate any prejudice. This prong militates against dismissal under Rule 41(b).

### iv.     The Balancing of the Court's Interests

Plaintiff's counsel appreciates and recognizes the Court's interest in managing its own docket. Plaintiff's counsel further acknowledges that it should not have waited until service had been completed against each Defendant, before proceeding with the filing of a motion for default judgment.

Contemporaneously with the filing of the instant letter, the undersigned law firm is filing a request for a Clerk's Certificate of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, as against the Corporate Defendants. The undersigned law firm intends to move for a default judgment, should the Clerk of the Court act favorably on the Plaintiff's contemplated application.

Moreover, the undersigned has been advised by Plaintiff's process servers that service on the Individual Defendants is expected to be completed today.

The instant action will thus move expeditiously.

### v.     The Consideration of Less Drastic Sanctions

Given that Plaintiff is initiating the default judgment application process on the Corporate Defendants, and is diligently completing service as against the Individual Defendants, it is respectfully submitted that a short extension of time be granted, before the drastic sanction of dismissal is imposed.

### B. The Court Should Grant a Short Extension of Time to Complete Service on the Individual Defendants

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district

courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

### i. Good Cause Exists to Extend Plaintiff's Deadline to Serve the Individual Defendants

The undersigned has been advised by Plaintiff's process servers that service on the Individual Defendants is expected to be completed today.

Out of an abundance of caution, it is respectfully requested that the Court extend Plaintiff's deadline to serve the Individual Defendants to, through and including, December 2, 2022.

### III. Conclusion

The undersigned law firm apologies to the Court for all inconvenience caused. The undersigned law firm intends to move the case expeditiously.

Thank you, in advance, for your time and attention to this matter.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
        Jason Mizrahi, Esq.
        60 East 42nd Street, Suite 4700
        New York, New York 10165
        Tel. No.: (212) 792-0048
        Email: Jason@levinepstein.com
        *Attorneys for Plaintiff*

VIA ECF: All Counsel