Case 1:22-cv-04239-GHW   Document 36   Filed 02/22/23   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/22/2023

# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Joshua@levinepstein.com

February 21, 2023

<u>VIA ECF</u>

**MEMORANDUM ENDORSED**

The Honorable Gregory H. Woods, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

       Re:  *Anacacy v. DRC Group, Inc. et al*
          <u>Case No.: 1:22-cv-04239-GHW</u>

Dear Honorable Judge Woods:

  This law firm represents plaintiff Steve Anacacy (the "Plaintiff") in the above-referenced matter.

  Pursuant to the directives in Your Honor's February 16, 2023 Order [Dckt. No. 32], this letter respectfully serves to provide the Court with a status update in the above-referenced action.

  **I.**  **Legal Argument**

  **A. Dismissal is Not Warranted Under Fed.R.Civ.P. 41(b)**

  "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "'[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citing and quoting Fed.R.Civ.P. 41(b)). It is well-settled that a Rule 41(b) dismissal is the "harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

  The Second Circuit has instructed a district court considering a Rule 41(b) dismissal to weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

  **i.**  **The Duration of Plaintiff's Failure to Comply Militates Against Dismissal**

  The instant action was filed on May 24, 2022. [*See* Dckt. No. 1]. Pursuant to Fed.R.Civ.P. 4(m), an answer, or a dispositive motion for failure to appear, should have been commenced, as of August 22, 2022.

  As set forth more fully in Plaintiff's December 26, 2022 status letter [Dckt. No. 28], Plaintiff's process servers unsuccessfully attempted to effect service of the Summons and Complaint on the Individual Defendants.

On or around December 3, 2022, Plaintiff's process servers attempted to serve Michael Vaitzman at the residential address located at 3030 Emmons Ave., Apt 2M, Brooklyn, NY 11235. This attempt was unsuccessful. Plaintiff's process servers informed the undersigned that they were informed by a "Mr. Newman", that Mr. Vaitzman does not reside at that address.

On or around December 14, 2022, Plaintiff's process servers attempted to serve Alex Doljansky at the residential address located at 41 Shade Tree Lane Roslyn, NY 1157. This attempt was unsuccessful. Plaintiff's process servers informed the undersigned that they were informed that Mr. Doljansky does not reside at that address.

On or around February 19, 2023, the undersigned located the Individual Defendants' whereabouts, based on information contained in a recent action filed in this district against them, captioned *Bernier et al v. Gard Recycling, Inc. et al* (Case No.: 1:23-cv-00761-VSB).

Although an answer, or a dispositive motion for failure to appear, should have been commenced, as of August 22, 2022, the undersigned only learned of the Individual Defendants' whereabouts as of February 19, 2023.

Plaintiff's counsel is in the process of filing a request for an amended summons, with the updated address. Plaintiff's process servers will diligently attempt to finalize service of the Summons and Complaint on Individual Defendants as soon as the Clerk's office issues the amended summons.

The instant letter provides the Court with a complete update on the status of this case. It is respectfully submitted that circumstances militate against a Rule 41(b) dismissal.

### ii.     Defendants Cannot Demonstrate Prejudice

Where, as here, Defendants have not appeared in the proceedings, they cannot demonstrate any prejudice. This prong militates against dismissal under Rule 41(b).

### iii.     The Balancing of the Court's Interests

Plaintiff's counsel appreciates and recognizes the Court's interest in managing its own docket.

Upon finalizing service, should the Individual Defendants continue to fail to appear in the action, the undersigned law firm intends to file a request for a Clerk's Certificate of Default, pursuant to Fed.R.Civ.P. 55(a), as against the Individual Defendants. The undersigned law firm intends to move for a default judgment, should the Clerk of the Court act favorably on the Plaintiff's contemplated application.

The instant action will thus move expeditiously as soon as service on the Individual Defendants is completed.

### iv. The Consideration of Less Drastic Sanctions

Given that Plaintiff only recently located the Individual Defendants' whereabouts, and is diligently completing service as against them, it is respectfully submitted that a short extension of time be granted, before the drastic sanction of dismissal is imposed.

### B. The Court Should Grant a Short Extension of Time to Complete Service on the Individual Defendants

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

### i. Good Cause Exists to Extend Plaintiff's Deadline to Serve the Individual Defendants

In light of the foregoing, it is respectfully requested that the Court extend Plaintiff's deadline to serve the Individual Defendants to, through and including, March 21, 2023.

### II. Conclusion

Thank you, in advance, for your time and attention to this matter.

>Respectfully submitted,
>
>LEVIN-EPSTEIN & ASSOCIATES, P.C.
>
>By: */s/ Jason Mizrahi*
>Jason Mizrahi, Esq.
>60 East 42nd Street, Suite 4700
>New York, New York 10165
>Tel. No.: (212) 792-0048
>Email: Jason@levinepstein.com
>*Attorneys for Plaintiff*

VIA ECF: All Counsel

Application granted in part.  Plaintiff is granted a two-week extension of time to effectuate service on the Individual Defendants in this case.  Individual Defendants must be served no later than March 8, 2023.  The Court observes that in Plaintiff's last letter, filed on January 17, 2023, counsel made the representation that Plaintiff had "successfully located the whereabouts of the Individual Defendants," and simply needed more time to effectuate service on them.  Dkt. No. 30.  In this letter, however, counsel for Plaintiff reports that he only learned of the locations of the Individual Defendants from a Court filing "on or around February 19, 2023."  Counsel has made no attempt to explain the discrepancy between these two factual representations, which appear to be at odds with one another.  Given that reality, and the numerous extensions that have been granted in this case, counsel for Plaintiff should expect that the Court will not find that good cause exists to extend the time for service beyond March 8, 2023.  Additionally, the initial pretrial conference scheduled for February 24, 2023, is adjourned *sine die*.

SO ORDERED.

Dated: February 22, 2023
New York, New York

GREGORY H. WOODS
United States District Judge