**LAW OFFICES OF NOLAN KLEIN, P.A.**                    ATTORNEYS & COUNSELORS

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10120**
**PH: (646) 560-3230**

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

www.nklegal.com                                                                          Nolan Klein, Esq.
                                                                                         klein@nklegal.com

April 6, 2023

**VIA ECF**
Honorable Judge Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

     *Re:* *Anacacy v. DRC Group, Inc. et al*
       SDNY Case No.: 1:22-cv-04239

Dear Judge Woods,

  This law firm represents Defendants, DRC Group, Inc., Beverage Container Recycling Corporation, Gard Recycling, Inc., and Alex Doljanky. I write today pursuant Your Honor's Individual Rule 2(E)(i), to seek leave to file a motion to dismiss for failure to state a claim.

  Plaintiff alleges that Defendants failed to pay him the appropriately pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *D.E. 1. ¶ 2*. On May 24, 2022, Plaintiff filed this lawsuit alleging that he worked as a "warehouse employee" for the Defendants until January 2019. *D.E. 1. ¶ 9*. The sole basis cited for federal jurisdiction in this case is the pending FLSA claims. *D.E. 1. ¶ 4*.

  The statute of limitations for a claim brought pursuant to the FLSA is two years after the claim accrued, or three years if the FLSA violation was willful. *See* 29 U.S.C. § 255(a). May 24, 2022, is more than three years after January 2019. As such, on the face of the Complaint, the limitations period has run on the FLSA claims.

  Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a cause of action if a plaintiff's complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Here, a necessary element of Plaintiff's FLSA claim is absent; specifically, the claim is not timely. "Although a statute of limitations defense is an affirmative defense that must ordinarily be asserted in a motion for summary judgment, a defendant may nevertheless assert such a defense on a motion to dismiss if it appears on the face of a complaint that Plaintiff's claims fall outside of the limitations period." *Zhongwei Zou v. Wu*, 2015 U.S. Dist. LEXIS 26411 (SDNY 2015). "A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleadings state 'if [the] complaint clearly shows the claims is out of time.'" *Whiteside v. Hover-*

Letter to Honorable Judge Gregory H. Woods
April 6, 2023
Page 2

*Davis*, 995 F.3d 315 (2d Cir. 2021) *citing Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

      Here, the Complaint itself clearly shows that the FLSA claim is out of time and must be dismissed for failure to state a claim. Such dismissal would leave no federal claims to be adjudicated in this case, Defendants would request that this Court also decline supplemental jurisdiction over any state claims in this case, which is in its infancy. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (finding no abuse of discretion in the district court's decision to decline exercising supplemental jurisdiction over a plaintiff's state law claims once federal claims were properly dismissed).

      On this basis, Defendants respectfully seek leave to move to dismiss for failure to state a cause of action. We thank the Court for your time and consideration in this matter.

      Respectfully Submitted,

      **Law Offices of Nolan Klein, P.A.**

      By:   */s/ Nolan Klein*
           NOLAN KLEIN, ESQ.

NKK/amd