# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

April 6, 2023

**VIA ECF**
The Honorable Gregory H. Woods, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Anacacy v. DRC Group, Inc. et al*
                **Case No.: 1:22-cv-04239-GHW**

Dear Honorable Judge Woods:

      This law firm represents Plaintiff Steve Anacacy (the "Plaintiff") in the above-referenced matter.

      Pursuant to the directives contained in Your Honor's March 30, 2023 Order [Dckt. No. 46], the parties hereby submit the following joint letter.

      A copy of the parties' proposed Civil Case Management Plan and Scheduling Order is annexed hereto as **Exhibit "A"**.

      **I.**    **Statement of the Nature of the Case**

    **A.**  **Plaintiff's Position Statement**

      Plaintiff Anacacy worked as a warehouse employee at Defendants' recycling facilities located at: (i) 494 Hunts Point Ave., Bronx, NY 10474; (ii) 1381 Oak Point Ave., Bronx, NY 10474 (together, "DRC Recycling"); and (iii) 4010 Park Ave., Bronx, NY10457 ("Gard Recycling"), from August 2015 to, through and including, January 2019.

      From approximately August 2015 through and including December 2017, Plaintiff worked at DRC Recycling six (6) days per week as follows: 8:00 a.m. to 5:00 p.m. (*i.e.*, 9 hours per day), for a total of approximately, for a total period of approximately 56 hours during each of the weeks, respectively.

      From approximately January 2018 through and including January 2019, Plaintiff worked at Gard Recycling six (6) days per week as follows: 8:00 a.m. to 5:00 p.m. (*i.e.*, 9 hours per day), for a total of approximately, for a total period of approximately 56 hours during each of the weeks, respectively.

      The gravamen of the operative complaint, filed on May 24, 2022 [Dckt. No. 1] (the "Complaint", or the "*Compl.*") alleges that on the weeks where Plaintiff worked in excess of forty (40) hours a week, he was only paid their straight time rate of pay, of $11 per hour.

In addition to Plaintiff's minimum wage and overtime claims, Plaintiff has also alleged wage notice and wage statement violations under NYLL §§ 195(3) and 195(1), as well as failure to pay timely wages under the NYLL.

### B. Defendant's Position Statement

Defendant is researching Plaintiff's claims and will produce all relevant documentation once it is gathered; however, as noted by Plaintiff in its statement above, Plaintiff's last date of employment was in January 2019, and this case was not filed until May 2022, which is more than three years after the last date of employment and therefore beyond the statute of limitations for any FLSA claim. There are no other federal claims asserted or pending, and the claims is therefore time barred.

### II. Subject Matter Jurisdiction & Venue

The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and may exercise supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a). This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

Defendants do not agree that this Court has subject matter jurisdiction, because the sole basis for federal jurisdiction (the FLSA claim) is time barred.

### III. Anticipated Motions

Plaintiff anticipates filing a motion for (partial) summary judgment. Defendants anticipate filing a motion to dismiss for failure to state a claim based on the statute of limitations.

### IV. Status of Discovery

The parties have not exchanged any informal discovery.

The parties intend to take discovery into Defendants' payroll and time-keeping practices.

### V. Computation of Damages Claimed

A. Total Unpaid Wages: $18,158.71

B. Total Liquidated Damages: $18,158.71

C. Wage Notice Penalties: $5,000

D.  Wage Statement Penalties: $5,000

E.  Pre-Judgment Interest (as of April 5, 2023): $9,913.17

**VI.   Settlement Discussions, and Alternative Dispute Resolution Mechanism**

The parties have not had any preliminary settlement discussions.

The parties respectfully request a referral to Court-annexed mediation.

**VII.   Conclusion**

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

| LEVIN-EPSTEIN & ASSOCIATES, P.C. | LAW OFFICES OF NOLAN KLEIN |
|---|---|
| By: */s/ Jason Mizrahi* | By: */s/ Nolan Klein* |
| Jason Mizrahi, Esq. | Nolan Klein, Esq. |
| 60 East 42nd Street, Suite 4700 | 5550 Glades Road, Suite 500 |
| New York, New York 10165 | Boca Raon, FL 33431 |
| Tel. No.: (212) 792-0048 | Tel. No.: (954) 745-0588 |
| Email: Jason@levinepstein.com | Email: Klein@knklegal.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

VIA ECF: All Counsel