**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

STEVE ANACACY, on behalf of himself and
others similarly situated, in the proposed FLSA            CASE NO.: 1:22-cv-04239-GHW
Collective Action,

              Plaintiff,

v.

DRC GROUP, INC., BEVERAGE CONTAINER
RECYCLING CORPORATION, GARD RECYCLING,
INC., ALEX DOLJANSKY, MICHAEL VAITZMAN,
and GUSTAVO "DOE",

              Defendants.

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

            Respectfully Submitted,

            LAW OFFICES OF NOLAN KLEIN, P.A.
            *Attorneys for Defendants*
            5550 Glades Road, Suite 500
            Boca Raton, FL 33431
            PH: (954) 745-0588

            By: */s/ Nolan Klein*
            NOLAN KLEIN, ESQ.
            (NK4223)
            klein@nklegal.com
            amy@nklegal.com

Defendants, DRC Group, Inc., Beverage Container Recycling Corporation, Gard Recycling, Inc., and Alex Doljanky, pursuant to Fed. R. Civ. P. 12(b)(6), hereby file the following motion to dismiss for failure to state a claim, and as grounds state:

## I. FACTS

Plaintiff, Steve Anancy ("Plaintiff"), filed this case on May 24, 2022, against Defendants, DRC Group, Inc., Beverage Container Recycling Corporation, Gard Recycling, Inc., and Alex Doljanky ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL"). *D.E. 1*. Plaintiff alleges that he was employed by Defendants as a "non-managerial employee" from August 2015 through December 2017, and then again from January 2018 through January 2019. *D.E. 1, ¶¶ 8, 9*. The only alleged basis for federal jurisdiction in this case is Plaintiff's FLSA claim. *D.E. 1, ¶4* ("This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA"). As set forth more fully below, on the face of Plaintiff's Complaint, the lawsuit was filed more than three years after the last date of employment, and the FLSA claims are therefore time-barred. As such, no FLSA claim is stated, and this Court has no subject matter jurisdiction. This action should be dismissed on that basis.

## II. MEMORANDUM OF LAW

### a. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937. 1949, 173 L. Ed. 2d 868 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This burden is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. When ruling on a motion to dismiss for failure to state a claim, the court must "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005).

With respect to the statute of limitations, "[w]here a defendant raises a statute of limitations defense in a pre-answer motion to dismiss, such a motion 'is properly treated as a *Rule 12(b)(6)* motion to dismiss for failure to state a claim upon which relief can be granted.'" Malek v. AXA Equitable Life Ins. Co., 2023 U.S. Dist. LEXIS 54123 (E.D.N.Y. 2023) *quoting* Rosario v. Loc. 1106 Transp. Works of Am., 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014) (*quoting* Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989)). "Although a statute of limitations argument is an affirmative defense, it is settled law that a complaint may be dismissed on statute of limitations grounds if the complaint clearly shows the claim is out of time." Id. *citing* DeSimone v. TIAA Bank, FSB, 2021 U.S. Dist. LEXIS 174545 at *4 (S.D.N.Y. 2021).

### b. On the face of his Complaint, Plaintiff's FLSA claims are time-barred

The statute of limitations for a claim brought pursuant to the FLSA is two years after the claim accrued or three years if the FLSA violation was willful. *29 U.S.C. § 255(a)*. Plaintiff filed this case on May 24, 2022, which is more than three years after January 2019 (his last alleged date of employment). Accordingly, a necessary element of Plaintiff's FLSA claim is absent; specifically, the claim is not timely. As noted above, "[a]lthough a statute of limitations defense is an affirmative defense that must ordinarily be asserted in a motion for summary judgment, a defendant may nevertheless assert such a defense on a motion to dismiss if it appears on the face of a complaint that Plaintiff's claims fall outside of the limitations period." Zhongwei Zou v. Wu, 2015 U.S. Dist. LEXIS 26411 (SDNY 2015). "A court accordingly may dismiss a claim on statute-

3

of-limitations grounds at the pleadings state 'if [the] complaint clearly shows the claims is out of time.'" Whiteside v. Hover-Davis, 995 F.3d 315 (2d Cir. 2021) *citing* Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).

Here, the Complaint itself clearly shows that the FLSA claim is out of time and must be dismissed for failure to state a claim. Such dismissal would leave no federal claims to be adjudicated in this case. Defendants further request that this Court decline supplemental jurisdiction over any state claims in this case, which is in its infancy, and which should never have reasonably been filed in Federal Court at all. Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (finding no abuse of discretion in the district court's decision to decline exercising supplemental jurisdiction over a plaintiff's state law claims once federal claims were properly dismissed).

### III. CONCLUSION

There is no reasonable question but that this case is barred by the statute of limitations. It is unclear why the case was filed in this Court at all, but whatever the reason, it was not properly filed here, and should be dismissed. Defendants respectfully request that Plaintiff's Complaint be dismissed at this time.

WHEREFORE, for the foregoing reasons, Defendants, DRC Group, Inc., Beverage Container Recycling Corporation, Gard Recycling, Inc., and Alex Doljanky, respectfully request that this Court (a) dismiss this case for failure to state a claim; (b) award their reasonable fees and costs associated with moving to dismiss a claim that is time barred on its face; and (c) entering such other relief as is deemed just and equitable under the circumstances presented herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **24th** day of **May,** 2023.

By: */s/ Nolan Klein*
NOLAN KLEIN, ESQ.

## SERVICE LIST:

**JOSHUA LEVIN-EPSTEIN, ESQ.**
**JASON MIZRAHI, ESQ.**
LEVIN-EPSTEIN & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Ph:   (212) 792-0046
joshua@levinepstein.com
jason@levinepstein.com
*Attorneys for Plaintiff*