**LAW OFFICES OF NOLAN KLEIN, P.A.**          ATTORNEYS & COUNSELORS

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10120**
**PH: (646) 560-3230**

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

www.nklegal.com                                                Nolan Klein, Esq.
                                                               klein@nklegal.com

July 5, 2023

**VIA ECF**
Honorable Judge Gregory H. Woods
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

        Re:    *Anacacy v. DRC Group, Inc. et al*
               SDNY Case No.: 1:22-cv-04239

Dear Judge Woods,

     This law firm represents Defendants, DRC Group, Inc., Beverage Container Recycling Corporation, Gard Recycling, Inc., and Alex Doljanky. I write today pursuant Your Honor's Individual Rule 2(E)(i), to seek leave to file a motion to dismiss for failure to state a claim, and to move for such relief as may be appropriate for Plaintiff's violation of mediation confidentiality.

     Plaintiff filed his initial Complaint in this matter on May 24, 2022, sounding in violation of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") alleging that he worked as a "warehouse employee" for the Defendants until January 2019. *D.E. 1. ¶ 9*. The sole basis cited for federal jurisdiction in this case was the pending FLSA claims. *D.E. 1. ¶ 4*. Plaintiff alleged that Defendants failed to pay him appropriately pursuant to the FLSA and NYLL. *D.E. 1*.

     The statute of limitations for a claim brought pursuant to the FLSA is two years after the claim accrued or three years if the FLSA violation was willful. *See* 29 U.S.C. § 255(a). May 24, 2022, is more than three years after January 2019. As such, on the face of the Complaint, the limitations period had run on the FLSA claims. The Complaint itself clearly showed that the FLSA claim was out of time and must be dismissed for failure to state a claim. Accordingly, on April 6, 2023, Defendants filed a letter, seeking leave to move to dismiss. *D.E. 47*. On April 13, 2023, this Court held a conference on Defendants' letter request to move for dismissal. *D.E. 50*.

     At the conference, Plaintiff gave no explanation regarding untimeliness, other than to say that additional time was needed to confirm the (already filed) allegations, or perhaps State law stayed the limitations period on Federal claims. *Exhibit "A," Pp. 5, 6, 8, 9*. In any event, at no time did Plaintiff respond the Court's inquiries by positing that employment law posters were

Letter to Honorable Judge Gregory H. Woods
July 5, 2023
Page 2

missing (or that the statute of limitations was tolled thereby). The Court allowed Defendants to move to dismiss. *Id.*

On May 24, 2023, Defendants filed their Motion to Dismiss. *D.E. 51, 52*. As set forth therein, Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a cause of action if a plaintiff's complaint fails to "state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6)*. Here, a necessary element of Plaintiff's FLSA claim was absent; specifically, the claim was not timely. "Although a statute of limitations defense is an affirmative defense that must ordinarily be asserted in a motion for summary judgment, a defendant may nevertheless assert such a defense on a motion to dismiss if it appears on the face of a complaint that Plaintiff's claims fall outside of the limitations period." *Zhongwei Zou v. Wu*, 2015 U.S. Dist. LEXIS 26411 (SDNY 2015). "A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleadings state 'if [the] complaint clearly shows the claims is out of time.'" *Whiteside v. Hover-Davis*, 995 F.3d 315 (2d Cir. 2021) *citing Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). As noted at that time, dismissal of the FLSA claims would leave no federal claims to be adjudicated in this case, and Defendants would request that this Court also decline supplemental jurisdiction over any state claims in this case, which are in their infancy. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (finding no abuse of discretion in the district court's decision to decline exercising supplemental jurisdiction over a plaintiff's state law claims once federal claims were properly dismissed).

In response to Defendant's Motion to Dismiss – after multiple (denied) motions for extension of time to file papers in opposition [D.E. 53, D.E. 55] – Plaintiff simply filed an Amended Complaint. *D.E. 57*. Plaintiff's Amended Complaint does nothing to cure any of the issues. Plaintiff's last alleged date of employment is still more than three years prior to the original filing. *D.E. 57, ¶9*. The sole material change is that Plaintiff has now apparently remembered, for the first time, that there were no posters advising him of his FLSA rights (thus presumably implying that the limitations period was equitably tolled). *D.E. 57, ¶73*.

Putting to the side that (a) this is factually false, and (b) that counsel for Plaintiff never raised this as an issue when the Court asked (at the pre-motion conference) why the statute of limitation would not apply – Courts in this District have rejected, as a matter of law, arguments that an FLSA lawsuit can plead around the statute of limitations by simply alleging that there were no posters hanging. *See, e.g.*, Patraker v. Council on Env't, 2003 U.S. Dist. LEXIS 20519, 2003 WL 22703522, at *2 (S.D.N.Y. 2003) (declining to apply doctrine of equitable tolling while noting that "[the] plaintiff [did] not allege[], either in the amended complaint or in his declaration, any affirmative deception by the defendants," but rather "complain[ed] only that the defendants never told him that he was entitled to overtime pay," and that "[t]here is nothing extraordinary about that")

*See also, e.g.,* Shu Qin Xu v. Wai Mei Ho, 111 F. Supp. 3d 274, 279 (E.D.N.Y. 2015)("Plaintiff's sole basis for equitable tolling is Defendants' failure to post notices or provide Plaintiff with statements of hours worked and wages earned. This is insufficient basis for equitable tolling, as it would provide for equitable tolling whenever a defendant violated FLSA and NYLL by failing to post notices or provide statements of hours and wages"); Amendola v.

Letter to Honorable Judge Gregory H. Woods
July 5, 2023
Page 3

Bristol-Myers Squibb Co., 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008) *quoting* Patraker v. Council on the Env't of New York City, 2003 U.S. Dist. LEXIS 20519, 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003)) ("To hold that a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime.").

Finally, Defendants also intend to move with respect to Plaintiff's egregious violation of mediation confidentiality. During or immediately following mediation, Plaintiff reported facts about the mediation, including the amount demanded, to a former employee. *Exhibit "B."* This information was provided by text to a current employee. Though the information provided was not detailed, it was sufficient to destroy any trust that Mr. Anancy is not discussing settlement communication with non-parties, resulting in Defendants' refusal to hold a continued mediation session in this case, or to engage in any additional confidential settlement communications. This severely impedes the ability of this case to be resolved amicably and is sufficiently serious that Defendants are requesting to raise the issue within a formal motion. Bradley v. Fontaine Trailer Co., 2007 U.S. Dist. LEXIS 49549, 2007 WL 2028115, at *5 (D. Conn. July 10, 2007) ("The parties must trust that their disclosures, both oral and written, during mediation will remain confidential and that their candor will be protected").

Thank you for your time and attention to this matter.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**

By: */s/ Nolan Klein*
    NOLAN KLEIN, ESQ.

NKK/amd