```
    N4DBANAC
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   STEVE ANACACY ,
                Plaintiff,
4
             v.                              22 Civ. 4239 (GHW)
5
    DRC GROUP, INC., et al,
6
                Defendants.
7                                            Telephone Conference
    ------------------------------x
8                                            New York, N.Y.
                                             April 13, 2023
9                                            2:00 p.m.

10  Before:

11                   HON. GREGORY H. WOODS,

12                                           District Judge

13                        APPEARANCES

14   EVIN-EPSTEIN & ASSOCIATES, P.C.
          Attorneys for Plaintiff
15   BY:  EUNON J. MIZRAHI

16   AW OFFICES OF NO AN K EIN, P.A.
          Attorneys for Defendants
17   BY:  NO AN K. K EIN

18

19

20

21

22

23

24

25
```

N4DBANAC

        THE COURT:  et me begin by taking appearances from the parties.  First, who's on the line for the plaintiff?

        MR. MIZRAHI:  This is Eunon Mizrahi for plaintiff.

        THE COURT:  Who's on the line for defendant?

        MR. K EIN:  Good afternoon, your Honor.  Nolan Klein for the defendants.

        THE COURT: Good.  Thank you very much. What I'd like to do is to start with a few brief instructions about the rules I'd like the parties to follow during this conference.

        At the outset, please remember that this is a public proceeding.  As a result, any member of the public or press is welcome to dial in here.  I'm not monitoring whether people are auditing the conference, so I just ask you to keep in mind that possibility.  Second, please state your name each time that you speak.  Third, please keep your lines on mute at all times except when you are speaking to me or to the representative of another party.  Fourth, please abide by instructions from our court reporter that are designed to help her do her job.  And finally, I'm ordering that there be no recording or rebroadcast of all or any portion of today's conference.

        Counsel, with that out of the way, let's turn to the substance of today's proceeding.  I scheduled this as both an initial pretrial conference and as a premotion conference.  My agenda as a result is relatively straightforward.  First, I'm going to give each of the parties the opportunity to describe

N4DBANAC

any legal or factual issues they'd like to bring to my attention.

I'm going to start with counsel for plaintiff, then I'll turn to counsel for defendant.  When I turn to counsel for defendant, we can begin a conversation regarding the anticipated motion to dismiss.  Then we'll talk about next steps in the case, and finally we'll discuss what, if anything, I can and should do at this point to help the parties resolve the case amicably.  That's my agenda.   et's start first with counsel for plaintiff.  What would you like to tell me about the case as a whole.

MR. MIZRAHI:  Good afternoon, Judge.  Jason Mizrahi for the record.  This is a fairly straightforward action under the Fair  abor Standards Act and New York  abor  aw.  As set forth fully in the parties' joint submission dated April 6, 2023, filed under docket number 48, the plaintiff was working as a warehouse employee at the defendant's recycling facility in the Bronx.  Throughout the duration of his employment, he was consistently working approximately 56 hours a week in exchange for a straight hourly rate of $11 per hour, regardless of how many hours he was working per week.

As such, we've alleged minimum wage and overtime claim under the Fair  abor Standards Act and New York  abor  aw, and we've also alleged penalties in violations of the Wage Statute Protection Act for wage notice and wage statement violation.

N4DBANAC

1  The defendants in this case have articulated and anticipated
2  motion for a partial dismissal isolated to the federal claims
3  at issue here.  And the parties currently have a mediation that
4  they scheduled I believe in May.
5          The parties anticipate being able to globally resolve
6  the claim at the mediation.  As I mention in the beginning,
7  fairly straightforward, fairly low value F SA, New York  abor
8   aw claim.  Section five of the joint letter breaks down the
9  categorical computation of plaintiff's damages.  From
10 plaintiff's perspective, this is a case that is suited
11 appropriately for an early resolution.  We also like to request
12 a leave of Court to amend the complaint to allege additional
13 allegations in response to the contemplated motion to dismiss.
14         And I think ultimately, although we expect the parties
15 to engage in a productive mediation, a contemplated motion from
16 our perspective would result in attorneys fees and costs.
17 Ultimately, it would contemplate the re-filing of the claim in
18 New York state court.  And this is a case where there have been
19 substantive allegations of underpayment.  All that being said,
20 I just want to reiterate the point that this is a fairly
21 straightforward F SA, New York  abor  aw case.
22         Counsel for the parties has had a previous
23 professional working relationship, and we've had other cases
24 where we been able to resolve these kind of issues amicably.
25 So we don't see this as any different from those prior cases.

N4DBANAC

1              THE COURT:  Thank you.  You mentioned the possibility
2    of an amendment addressing anticipated motion.  What facts are
3    you contemplating having here with the employed template within
4    the three-year statute of limitation period?
5              MR. MIZRAHI:  Your Honor, my office has had multiple
6    conferences with the plaintiff from when we had initially filed
7    the complaint.  Additional time is needed to confirm the
8    allegations regarding his work history and his employment
9    history, exactly when he started and when he stopped working
10   there.  But beyond the allegations regarding his employment
11   history, we do intend to amend to include additional
12   allegations regarding some of the other claims that we've
13   alleged and some of the facts and circumstances surrounding his
14   employment at the defendant's recycling company.
15             THE COURT:  Thank you. How would those address the
16   deficiency that the subject of the anticipated motion?
17             MR. MIZRAHI:  Your Honor, it's just a fairly
18   straightforward analysis is whether he falls within the
19   three-year window or whether he doesn't.  If we're going to be
20   including additional allegations regarding his employment
21   history, those would directly respond to the contemplated
22   motion, to the extent it seeks a dismissal for failure to state
23   a claim under the F SA.
24             Having not seen a full motion to dismiss, I don't know
25   whether defendant do intend to raise any additional issues that

1   had not been previously articulated in their April 6 letter.
2   So we want to reserve the right to amend the complaint to the
3   extent defendants would be attacking any other issues or
4   discussing any other issues beyond the three-year window.
5            THE COURT:  Thank you.  et me hear from counsel for
6   defendant.  Counsel, what would you like to tell me about the
7   case as a whole?
8            MR. K EIN:  Thank you, your Honor.  This is Nolan
9   Klein for the defendant.  I agree with Mr. Mizrahi.  We've had
10  a number of cases in the past.  We've always had a very
11  professional working relationship, and I don't think this one
12  will be any different.  Obviously first and foremost the issue
13  that I raised and that I think -- I'm eager to hear what
14  amendment to the complaint would cure this issue.  I don't
15  think I've heard that from Mr. Mizrahi today.  But on the face
16  of the complaint, obviously it's timed-barred.  I was actually
17  surprised reading through it because there's nowhere in the
18  complaint that mitigates or explains -- nor was there any time
19  period during which the plaintiff was working for these
20  defendants that was three years or less from the date of the
21  filing.  So that's obviously a dispositive issue with respect
22  to the federal claim.
23           With respect to the substance of the claim,
24  Mr. Mizrahi alleges that the plaintiff was paid $11 per hour.
25  I believe he arrived at that because it was a flat rate being

N4DBANAC

paid to the plaintiff.  And if you divide out the alleged hours by the flat rate, it comes out to $11 per hour.  I've asked my client to get me the time and pay records to determine whether the number of hours alleged are accurate.

One thing that does jump out at me is that there's an allegation of nine hours per day, as well as an hour lunch break.  I'm not sure. I'm not making that reputation right now, but I am still waiting for all those records from my client before we proffer any substantive defenses to the claim. Obviously as pled it would be -- there would be New York  abor  aw issues.  There's no federal law claim issue, but there would be New York issues.  I'm waiting for that documentation.

But even without that documentation again, obviously there's a statute of limitations issue.  And that dovetails with my request for a premotion conference if the Court would like me to just sort of dive straight into that.

THE COURT:  Thank you.  Yes, please go ahead.

MR. K EIN:  Okay.  So as I noted in my letter, your Honor, the complaint was filed on May 24th of 2022.  It alleges on its face that plaintiff's last date of employment was January of 2019.  The F SA has a statute of limitations of two years if there was no intentional misconduct, or three years if there was intentional disregard for the legal requirements of the F SA.

Even taking that three year date, which is the maximum

N4DBANAC

1  possible limitation period, that would take us to January 2022,
2  four to five months prior to the date on which this complaint
3  was filed.  So because on the face of the complaint the statute
4  of limitations has lapsed, the case law allows for us to motion
5  to dismiss for failure to state a claim instead of asserting
6  the statute of limitations as an affirmative defense and then
7  moving for summary judgment.  So as noted in my letter, I think
8  that motion would be appropriate at this time.
9         THE COURT:  Thank you.  Good.  So, counsel for
10 plaintiff, anything that you'd like to say about the motion.
11 I'm happy to hear from you if there's anything else that you'd
12 like to point out that you wasn't able to touch on during our
13 conversation earlier.
14         MR. MIZRAHI:  Just one thing, your Honor.  This is
15 Jason Mizrahi for the record.  Without having had the
16 opportunity to review this application in detail, I wanted to
17 mention that there may be some applicability of the executive
18 order issued by Governor Cuomo regarding suspension or tolling
19 legal deadlines during a period from March 20 to November 3,
20 2020.  I think this was captured in Exec  aw 29 --
21         THE COURT:  I'm sorry, counsel, can I just pause you.
22 This is a statute of limitations issue about a federal statute
23 filed in federal court.  Why does anything done by Governor
24 Cuomo effect the federal statute of limitations?
25         MR. MIZRAHI:  I stand corrected, Judge.  This is an

N4DBANAC

1  issue that I just -- I understand that the Executive  aw tolls
2  state limitation, the suspension of statute of limitations in
3  state statute.  There's nothing further that we would like to
4  add, Judge.  Thank you.
5              THE COURT:  Thank you.  I'm not aware that the F SA
6  statute of limitations have borrows from the state statute.
7  That is the case for some federal causes of action, but I'm not
8  aware that's the case for the F SA, but I look forward to
9  seeing any arguments presented.
10             So counsel for defendant or plaintiff, I'll start with
11 counsel for defendant.  What's the status of Mr. Vaitzman?  Are
12 you representing him?
13             MR. K EIN:  This is Nolan Klein, your Honor.  No, I am
14 not representing Mr. Vaitzman, only the defendants listed in my
15 motion, the corporate defendant DRC Group Beverage Container
16 Recycling, Gard Recycling and the individual Alex Doljansky.
17             THE COURT:  Thank you. Fine. Understood. Very good.
18 So let's talk about next steps. There's a motion to dismiss
19 that's proposed that raises substantial issues regarding the
20 viability of this case in this court.
21             Counsel for plaintiff, I understand you to be
22 suggesting perhaps, but if not please let me know, that I let
23 the parties focus on this mediation before the motion to
24 dismiss is filed.  I note that so long as this case is in this
25 court and any settlement would involve a dismissal of F SA

N4DBANAC

1  claims, no matter how meritorious or un-meritorious, that
2  yields *heeks* review by the Court, unless there's an offer of
3  judgment or one of the other exceptions applies.  So, counsel
4  for plaintiff, what is your proposal here?
5          MR. MIZRAHI:  Judge, I believe that it would be the
6  parties -- this is Jason Mizrahi for the record.  I believe
7  that it would be in the parties' interest and the Court's
8  interest to allow the parties to exhaust possibilities of an
9  alternative dispute resolution before commencing briefing on
10 the pending motion as a contemplated motion to dismiss.
11         THE COURT:  Thank you.  Counsel for defendant, what's
12 your thought?
13         MR. K EIN:  Thank you, your Honor.  This is Nolan
14 Klein.  I don't disagree, especially since we do have mediation
15 coming up fairly soon.  I think next week we have our initial
16 conference with the mediator, and then Mr. Mizrahi said the
17 mediation is set for May.  I assume that's correct.  I don't
18 see it right now on my calendar, but I do know that they were
19 working on scheduling it fairly promptly.  I certainly see no
20 harm in trying to mediate a resolution before we move forward
21 with motion practice, so I wouldn't be opposed to that.
22         THE COURT:  Thank you. Good. Understood. One
23 moment.
24         (Pause)
25         THE COURT:  Counsel, I just wanted to confer with

N4DBANAC

1  myself to think about the, I'll call it, economy issues here.
2  As I say to the extent that the parties are working toward a
3  resolution of the claims that involves the F SA, reaching a
4  resolution that's going to involve a *heeks* review regardless
5  of whether or not plaintiff's F SA claims have any merit,
6  accepting for these purposes defendant's contention that
7  they're clearly time-barred.  So I need to evaluate the amount
8  of effort involved to evaluate any motion to dismiss, also
9  evaluating the *heeks* settlement submission, assuming the
10 parties do not consent to the magistrate judge for purposes of
11 evaluating a settlement or pursuing a judgment or otherwise.
12          I'm going to allow the parties to continue to use this
13 court's resources and proceed with the mediation,
14 notwithstanding the significant questions raised by counsel for
15 defendant regarding whether this case was properly pleaded here
16 in a non-frivolous way as a claim under the F SA.  Substantial
17 questions are raised as to whether or not that claim could have
18 any merit as pleaded here.
19          But in the interest of at least economy for the
20 parties, I believe that it is reasonable for me to permit you
21 to go forward with your mediation under the auspices of the
22 court and to plead the motion to dismiss afterwards.  So what
23 I'm going to do is this.  I'm going to set a schedule for
24 briefing the motion to dismiss.
25          As I understand it from the docket, counsel, your

N4DBANAC

1   mediation schedule is due by the 8th.  Is that when the parties
2   are planning to have your first session with the mediator or is
3   it sooner?
4          MR. MIZRAHI:  Jason Mizrahi for the record.  Judge, I
5   believe the parties have scheduled mediation for the 19th.
6          THE COURT:  Good.  Thank you.
7          MR. MIZRAHI:  I'm so sorry, Judge. I just wanted to
8   correct the record.  We have a preliminary scheduling phone
9   call with the mediator this month on April 19th.  The parties
10  have not yet scheduled the actual mediation, so we have a
11  scheduling call on the 19th with the mediator, but we haven't
12  scheduled the virtual mediation yet.
13         THE COURT:  Good.  Thank you very much.  The motion to
14  dismiss is going to be due no later than June 9.  Any
15  opposition will be due three weeks following the date of
16  service of the motion.  Any reply will be due no later than one
17  week following the service of the opposition if any.
18         I find that there's good cause to stay discovery in
19  this case pending briefing and resolution of the anticipated
20  motion.  A stay of discovery is not automatic in the face of a
21  motion to dismiss as the parties know.  However, Rule 26(c)
22  provides the Court with broad discretion to stay discovery upon
23  a finding of good cause.  There are a number of considerations
24  for the Court to take into account in determining whether or
25  not good cause exist.  First is the merit of the motion to

N4DBANAC

1  dismiss.
2           Second is the burden associated with the discovery
3  that would be avoided; and third is the prejudice to any party
4  opposing the stay.  Considering all these factors here, I
5  believe that there's good cause to stay discovery pending
6  briefing and resolution of the anticipated motion.
7           Here defendants have presented a strong motion which,
8  if successful, would resolve all the federal claims.  And I see
9  on the complaint no basis for an argument that diversity
10 jurisdiction asserts here as exists here.  So the first factor
11 weighs heavily in favor of granting a stay because the motion
12 as proposed seems to have a substantial merit.  Of course I
13 will not determine the outcome of the motion until I've
14 reviewed the parties' submissions.  But the statute of
15 limitations F SA claims as counsel presumably knows is three
16 years.
17          The second factor, which is the burden of discovery,
18 also weighs in favor of the imposition of a stay.  Here, this
19 is a relatively straightforward F SA and New York  abor  aw
20 case as counsel has described.  As a result, I don't expect
21 that the burden of discovery here will be very high, but still
22 it is burdensome and will take time and money from the parties
23 that might otherwise be invested in something else,
24 particularly if the case is dismissed before this Court.
25          And finally, I don't believe that the stay will result

N4DBANAC

1  in undue prejudice to either party here.  This is a relatively
2  straightforward case.  According to the complaint, the
3  plaintiff's claims ripened over three years ago.  Some
4  additional incremental delay would not result in substantial
5  additional prejudice, such that a stay would be inappropriate.
6  End result, I'm going to stay discovery pending briefing and
7  resolution of the motion.
8      Counsel, I'll enter an order with a briefing schedule.
9  My hope is that that gives you enough time to focus on your
10  efforts to mediate and resolve the case.  If for some reason
11  you have not been able to resolve the case by the time that the
12  motion is due, you should feel free to write me and request an
13  extension of the deadline for filing the motion.  But my hope
14  and expectation is given the nature of the case, the parties
15  will be able to resolve it during the time between now and the
16  time by which defendants' counsel would need to start working
17  on what would be a relatively straightforward motion.
18      I think that that is it.  I'm not going to talk about
19  the case management plan and scheduling order.  I understand
20  that the parties already working toward a settlement.  If there
21  is a settlement, please notify me in accordance with my
22  individual rules.  Again, since the plaintiff has invoked this
23  court's jurisdiction and has raised an F SA claim that triggers
24   *heeks* review under  *heeks* and its follow-on review.
25      So even in the event of a dismissal under 41(a)(1), I

```
   N4DBANAC
1  must still review the settlement unless there's an offer of
2  judgment or the parties consent to the magistrate judge or one
3  or the other possibilities is pursued.  So please keep that in
4  mind. I will look forward to seeing your perspectives on that
5  if you reach a settlement.  Otherwise, I look forward to seeing
6  the motion.
7            Anything else for us to take up here before we
8  adjourn?  First counsel for the plaintiff.
9            MR. MIZRAHI:  No, nothing else, Judge.  Thank you for
10 your time.
11           THE COURT:  Good.  Thank you.  Counsel for defendants?
12           MR. K EIN:  This is Nolan Klein.  No, nothing for
13 defendants.  Thank you, your Honor.
14           THE COURT:  Very good.  Thank you all.
15           (Adjourned)
16
17
18
19
20
21
22
23
24
25
```